# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MICHAEL TURNER, as a member )
and on behalf of the KIOWA TRIBE )
OF OKLAHOMA, )
  )
        Petitioner, )
  )
vs. )   Case No. CIV-08-1299-M
  )
THE HONORABLE RONALD )
O. McGEE, et al., )
  )
        Respondents. )

## ORDER

Before the Court is Respondents' Motion to Dismiss and Brief in Support [docket no. 25], filed April 20, 2009. On May 6, 2009, petitioner filed his response. Based upon the parties' submissions, the Court makes its determination.

## I.    INTRODUCTION

Petitioner, who appears *pro se*, commenced this action by filing a petition for injunctive relief against four administrative law judges employed by the Bureau of Indian Affairs. Petitioner argues that he was denied his "rights to equal protection and due process under the Indian Civil Rights Act of 1968". Petitioner also claims the respondents failed to take judicial notice and assume jurisdiction in Michael C. Turner v. District Court of Cotton County, Case No. CIV-05-A17.[1] Respondents now move, pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), (5) to dismiss this action for lack of subject matter jurisdiction and failure to effect proper service.[2]

---

[1] Petitioner appears to seek judicial review of a decision rendered by the respondents and an order reversing and remanding this matter back to the Court of Indian Offenses.

[2] Petitioner has attempted to serve respondents himself. There has been over 120 days since the filing of this action, and respondents have not been properly served. Therefore,

## II.  STANDARD OF REVIEW

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). A facial attack depends on the allegations in the complaint as to subject matter jurisdiction and, thus, implicates the sufficiency of the complaint. *Id.* In contrast, a factual attack occurs when a party goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends. *Id.* Here, respondents have asserted a facial attack as to petitioner's claims.

## III.  DISCUSSION

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The United States Supreme Court held in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998), that the existence of subject-matter jurisdiction is a threshold inquiry that must precede a merit based determination. This requirement is "inflexible and without exception." *Id.* at 95 (internal quotation omitted). If a district court lacks jurisdiction, it has no authority to rule on the merits of a plaintiff's claims. *Id.* at 101-102.

Petitioner, a member of the Kiowa Tribe, has brought this *pro se* action seeking injunctive relief against four administrative law judges employed by the Bureau of Indian Affairs. Respondents as administrative law judges preside over cases brought before the Court of Indian Offenses for the Kiowa Tribe. Petitioner seeks injunctive relief relative to decisions rendered by respondents while acting in their official capacities as administrative law judges.

Indian tribal governments, such as the Kiowa Tribe, enjoy immunity from suit the same as

---

respondents are also seeking dismissal of petitioner's claims for failure to properly serve the summons and petition for injunctive relief on respondents.

any other sovereign power. Tribal governments are subject to suit only where suit has been expressly authorized by Congress or the tribe has waived its immunity. *Kiowa Tribe of Okla. v. Mfg. Tech., Inc.,* 523 U.S. 751, 754 (1998). This immunity applies to tribal government officials acting in their official capacity. *See Native Am. Distrib. v. Seneca-Cayuga Tobacco Co.,* 546 F.3d 1288, 1296 (10th Cir. 2008) Petitioner cites to 28 U.S.C. §§ 1331 and 1362 as the jurisdictional bases for the injunctive relief he seeks in this case.

> Section 1331 provides:
>
> Federal Question
>
> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1331.

> Section 1362 provides:
>
> Indian Tribes
>
> The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States.

28 U.S. § 1362.

Sections 1331 and 1362 are statutes conferring general jurisdiction and do not waive respondents' sovereign immunity to suit. *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).

The Court, having carefully reviewed the submissions of the parties, finds that the Court lacks subject matter jurisdiction. More specifically, the Court finds petitioner has failed to cite to congressional authorization for suit against respondents or a tribal waiver of sovereign immunity. Accordingly, the Court GRANTS Respondents' Motion to Dismiss [docket no. 25] and DISMISSES this action.

**IT IS SO ORDERED this 28th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE